

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHANIEL LAMBERT, # 90883** | CIVIL ACTION |
| **VERSUS** | NO. 06-1831 |
| **BURL CAIN, WARDEN** | SECTION "S"(6) |

### RESPONSE TO HABEAS CORPUS PETITION

Petitioner, Nathaniel Lambert, is a state prisoner currently serving two life sentences after having been convicted of aggravated burglary, aggravated crime against nature, and aggravated rape and having been found to be a multiple offender under La. R.S. 15:529.1. Petitioner's conviction was affirmed on direct appeal. *State v. Lambert*, **98-KA-0730 (La. App. 4th Cir. 12/17/99)**. Petitioner's subsequent application for writ of certiorari was denied by the Louisiana Supreme Court on January 26, 2001. *State v. Lambert*, **2000-KH-1346**.

Petitioner filed an application for post conviction relief in the trial court on March 15, 2001. Petitioner filed a supplemental brief in support of his post conviction relief application on April 23, 2001. On May 4, 2001, Petitioner filed a motion to withdraw his supplemental brief due to issues with the grounds of his claim as per La. C.Cr.P. 930.3. On July 6, 2001, Petitioner filed a new application for post conviction relief in order to be

1

in compliance with La. C.Cr.P. 930.3. On February 27, 2002, the trial court denied Petitioner's application for post conviction relief due to a complete lack of evidentiary support.

Petitioner filed an application for supervisory writ to the Louisiana Fourth Circuit Court of Appeals. On April 11, 2002, that court granted Petitioner's writ *in part* and ordered the district trial court to hold an evidentiary hearing to properly determine the merit of Petitioner's 'Ineffective Assistance of Counsel' claim. However, the Fourth Circuit *did not find* that Petitioner's March 15, 2001 post conviction application had not been withdrawn. **State v. Lambert, 2002-K-0347**. Petitioner's subsequent writ application to the Louisiana Supreme Court in this matter was denied. **State v. Lambert, 2002-KH-2119**.

On April 20, 2004, the evidentiary hearing was finally held and the trial court determined Petitioner's claim was without merit. On September 23, 2004, Petitioner applied for supervisory writ to the Fourth Circuit Court of Appeal. On October 4, 2004, the Fourth Circuit denied Petitioner's application and affirmed that Petitioner's ineffective assistance claim lacked merit. **State v. Lambert, 2004-K-1639**. Petitioner's subsequent application for writ of certiorari to the Louisiana Supreme Court was denied on August 19, 2005. **State of Louisiana v. Nathaniel Lambert, 2004-KH-2987**. The instant petition was filed on February 13, 2006. It was filed untimely.

## RECORD

The record consists of three volumes. Volume I contains pre conviction supervisory writs to the Louisiana Fourth Circuit Court of Appeals, docket numbers 97-

2

K-1019, 97-K-1854, and a denial of post conviction relief, docket number 98-K-0056. Volume II contains the defendant's direct appeal to the Fourth Circuit, docket number 98-KA-0730 as well as the trial court's docket master, included in the record by Respondent. Volume III contains the Petitioner's Fourth Circuit applications for supervisory writs for review of the trial court's handling of post conviction relief, docket numbers 2002-K-0347, 2003-K-1366, 2003-K-1686, 2004-K-1639, 2005-K-0423 as well as the Louisiana Supreme Court's denial of Petitioner's application for writ of certiorari, docket number 2004-KH-2987.

Absent from the record is Criminal District Court record, docket number 387-752 "D". This portion of the State court record will be forwarded to this honorable court as soon as it is received. The district court record will also contain Louisiana Supreme Court docket numbers 2000-KH-1346 (the denial of Petitioner's application for writ of certiorari on direct appeal) and 2002-KH-2119 (the denial of supervisory writ during post conviction proceedings). However, the record currently presented is sufficient to consider the issues presented. No federal evidentiary hearing is required.

## STATUTE OF LIMITATIONS

Petitioner's application for writ of habeas corpus was untimely filed. Generally, the AEDPA requires that petitioner bring a Section 2254 claim within one year of becoming final. 28 U.S.C. §2244(d). In cases where the conviction became final prior to April 24, 1996, the AEDPA's effective date, the one year limitations or "prescriptive" period begins to run on that date. Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998). 28 U.S.C. §2244(d)(2) provides that this period may be tolled during periods where a

properly filed application for state post conviction relief is pending in the state courts. A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Scaffold, 536 U.S. 214, 219029 (2002), Williams v. Cain, 217 F.3d 303 (5th Cir. 2000)(a matter is "pending" until "further review [is] unavailable under [state] procedures."). In most cases, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A).

Louisiana Supreme Court Rule 10, Sec. 5, allows thirty days in which to file an application to seek review of a judgment of the Court of Appeal either after an appeal to that court, or the denial of a writ application, or after the denial of a rehearing. Where no timely appeal or application for rehearing is filed, conviction becomes final at the expiration of time for the appeals process to proceed. *See* Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003)(an appeal is final when the state defendant does not timely proceed to the next available step in the appeal process), *citing* Teague v. Lane, 489 U.S. 288, 209 S.Ct. 1060 (1989). Accordingly, a conviction becomes final on direct review when the time to seek review to the U.S. Supreme Court has expired or ninety days after the state supreme court has decided a properly filed writ or appeal. *See* Roberts v. Cockrell, 319 F.3d at 693. However, the ninety day period does not toll the prescriptive period on collateral review. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099 (2000).

In this case, Defendant's conviction became final January 26, 2001. ***State v. Lambert***, **2000-KH-1346**. On March 15, 2001, Petitioner filed an application for post

4

conviction relief in district court. **(49 days later)**. On May 4, 2001, Petitioner withdrew his application in order to conform to the requirements of La. C.Cr.P. 930.3. On July 6, 2001 Petitioner filed his new application for post conviction relief. **(2002-K-0347; 63 days later; 112 days un-tolled days having passed)**. On April 20, 2004, Petitioner's post conviction relief application was finally denied by the district trial court. On September 23, 2004, Petitioner filed an application for supervisory writ with the Fourth Circuit Court of Appeal. **(2004-K-1639; 157 days later; 269 un-tolled days passed)**. On October 4, 2004 the Fourth Circuit denied Petitioner's application. On December 8, 2004, Petitioner applied for writ of certiorari at the Louisiana Supreme Court **(2004-KH-2987; 66 days later; 335 un-tolled days passed)**. The Louisiana Supreme Court denied Petitioner's application August 19, 2005. The Petitioner's instant application was mailed January 24, 2006. **(159 days later; 494 un-tolled days passed)**. Accordingly, Petitioner's petition is time barred by **39 days** and is prohibited from consideration.

## CONCLUSION

For the foregoing reasons petitioner's petition for a writ of habeas corpus should be dismissed/denied with prejudice as untimely.

Respectfully submitted,

_____
Graham Bosworth, Bar. No. 29538
Assistant District Attorney
1340 Poydras Street, Ste. 700
New Orleans, Louisiana 70122
Tele: (504) 571-2873

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing response has been served upon petitioner by mailing a copy, postage pre-paid, to:

Nathaniel Lambert, #90883
Camp #D, Falcon - 2
Louisiana State Penitentiary
Angola, LA 70712

This _7_ day of September, 2006,
New Orleans, Louisiana.

_____
GRAHAM BOSWORTH
ASSISTANT DISTRICT ATTORNEY